IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GERALD W. DOXTATOR,

                Petitioner,                      OPINION AND ORDER

    v.

                                                  24-cv-306-wmc

LIZZIE TEGELS,

                Respondent.

Petitioner Gerald W. Doxtator, who represents himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2005 judgment of conviction entered against him in Outagamie County Circuit Court Case No. 2003CF234 for repeated sexual assault of the same child. (Dkt. #1.) Doxtator, an enrolled member of the Oneida Tribe of Indians of Wisconsin who was living on the Oneida Indian Reservation at the time of the offense, argues that the state court lacked jurisdiction to prosecute him. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this petition, the court must accept the allegations as true and construe them generously under a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Because Doxtator is plainly not entitled to relief, the petition will be dismissed for the reasons explained below.

BACKGROUND

Unless otherwise indicated, the court takes the following facts from Doxtator's petition (dkt. #1), his supporting memorandum (dkt. #2), and the Wisconsin Court of Appeals' decision affirming the denial of his state petition for a writ of habeas corpus. *Doxtator v. Tegels*,

2022AP148, 2024 WL 244397 (Jan. 23, 2024).

In 2005, Doxtator was convicted of one count of repeated sexual assault of a child and sentenced to twenty years of initial confinement followed by ten years of extended supervision. Doxtator did not pursue a direct appeal from his conviction. Subsequently, he filed a petition for a writ of habeas corpus with the Wisconsin Court of Appeals pursuant to *State v. Knight*, 168 Wis. 2d 509, 512-13, 484 N.W.2d 540 (1992), alleging that his appellate counsel was ineffective with respect to both determining whether an appeal would have arguable merit and advising Doxtator of his options pursuant to *State ex rel. Flores v. State*, 183 Wis. 2d 587, 605-07, 516 N.W.2d 362 (1994) (discussing a defendant's options when appointed counsel determines that an appeal has no merit) (citing *Anders v. California*, 386 U.S. 738 (1967) (citations omitted)). Following a remand for fact finding, the Wisconsin Court of Appeals denied Doxtator's *Knight* petition in May 2011.

Ten years later, Doxtator filed a subsequent habeas petition in the state circuit court seeking to vacate his judgment of conviction and to be released from custody pursuant to *McGirt v. Oklahoma*, 591 U.S. 894 (2020). In *McGirt*, the United States Supreme Court held that Oklahoma lacked jurisdiction to prosecute the petitioner, a member of the Creek Nation, for an offense that occurred on Creek lands on an allotment or "reservation" that was designated as "Indian country." 591 U.S. at 924. Relying on *McGirt*, Doxtator similarly argued that jurisdiction over his offense belonged in federal court, not to the state circuit court, because he is a member of the Oneida Tribe, the offense was committed on the Oneida Reservation, and the offense of sexual abuse of a child is covered by the Major Crimes Act ("MCA"), 18 U.S.C. § 1153. Under that statute, which applies to certain enumerated crimes, "[s]tate courts generally have no jurisdiction to try Indians for conduct committed in 'Indian country.'"

*McGirt*, 591 U.S. at 898 (quoting *Negonsott v. Samuels*, 507 U.S. 99, 102-03 (1993)).

On July 22, 2021, the circuit court denied Doxtator's habeas petition following a hearing. Specifically, the circuit court found that in 18 U.S.C. § 1162 (Public Law 280), the United States Congress had given Wisconsin criminal jurisdiction over the Oneida Reservation and that *McGirt* was distinguishable because Oklahoma, unlike Wisconsin, had not been granted criminal jurisdiction by a federal statute like Public Law 280. The circuit court also rejected Doxtator's argument that an exemption to Public Law 280 that was applicable to the Menominee Reservation also applied to the Oneida Reservation.

Doxtator moved for reconsideration of the order denying his habeas petition, again claiming that federal jurisdiction under the MCA trumped state court jurisdiction over the charged offense. Doxtator twice amended his reconsideration motion and, on December 20, 2021, he sought a hearing. At the end of a hearing held on January 26, 2022, the circuit court denied the motion for reconsideration, again distinguishing the decision in *McGirt* from Doxtator's case. Thereafter, the Wisconsin Court of Appeals dismissed Doxtator's appeal for lack of jurisdiction because his notice of appeal was untimely. The Wisconsin Supreme Court then summarily denied his petition for review on April 16, 2024. *Doxtator v. Tegels*, 2024 WI 22, 7 N.W.3d 334.

## OPINION

In a petition that is dated May 3, 2024, Doxtator now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to vacate his state court conviction, arguing that he is entitled to relief because the circuit court lacked jurisdiction over his prosecution for an offense that occurred in Indian country. (Dkt. #1.) Specifically, he argues that Public Law 280, 18 U.S.C.

3

§ 1162, is unconstitutional because it conflicts with the MCA, 18 U.S.C. § 1153. He argues further that he is entitled to protection under the 1954 Menominee Exemption to Public Law 280, and should have been prosecuted in federal court. All of these arguments were rejected previously by the state circuit court. *Doxtator*, 2024 WL 244397, at *1; *see also State v. Grover*, 023 WI App, ¶¶ 17-23, 985 N.W.2d 460 (rejecting similar arguments).

Doxtator's petition must be dismissed as untimely. A person filing a habeas corpus petition under § 2254 must meet the time limitations imposed by 28 U.S.C. § 2244(d)(1). The statute imposes a one-year limit on the petitioner, which is measured from the latest of four events described in the statute, one of which is primarily relevant here: "the date on which judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Doxtator was convicted in 2005, and did not pursue an appeal. His time to seek federal habeas corpus review expired in 2006. As a result, his petition is nearly two decades late.

There is another provision in the habeas corpus statutes that allows the one-year time limit to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). To the extent that Doxtator pins his hopes on *McGirt*, which the Supreme Court decided on July 9, 2020, that opinion does not extend Doxtator's time to seek relief because, as other courts have recognized, *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one." *Sanders v. Pettigrew*, No. 20-cv-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021); *see also Mathews v. Elhabte*, No. 21-cv-1023, 2022 WL 363357, at *1 (W.D. Okla. Feb. 7, 2022) (collecting cases with similar holdings).

4

The pleadings disclose no other basis for statutory tolling and, given his delay in seeking federal review, Doxtator does not qualify for equitable tolling because the available record reflects that he did not pursue his rights diligently. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Accordingly, Doxtator's petition will be dismissed as barred by the governing one-year statute of limitations. Because jurists of reason would not disagree with this result, the court will also deny a certificate of appealability. 28 U.S.C. § 2253(c).

ORDER

IT IS ORDERED that:

1) The habeas corpus petition filed by Gerald Doxtator (dkt. #1) is DISMISSED with prejudice as barred by the governing statute of limitations.

2) A certificate of appealability is DENIED.

Entered this 14th day of May, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge